# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE CONSTRUCTION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTO-OWNERS INSURANCE COMPANY, <br><br> Defendant. | No. 1:20-cv-01016-STA-jay |

## ORDER DENYING MOTION TO REMAND

Third-Party Defendant Grand Valley Lakes Property Owners Association, Inc. ("Grand Valley") has moved for an order remanding this matter to the Chancery Court of Hardeman County, Tennessee. (ECF No. 14.) Defendant Auto-Owners ("Auto-Owners") Insurance Company opposes the motion. (ECF No. 15.) For the reasons set forth below, the motion to remand is **DENIED**.

Plaintiff Affordable Construction Services, Inc. ("Affordable Construction") filed a petition for declaratory action against Defendant Auto-Owners in the Chancery Court of Hardeman County, Tennessee.[1] Defendant removed the action to this Court under 28 U.S.C. § 1332, diversity of citizenship.[2] Defendant then filed its answer and a third-party complaint against Grand Valley, a Tennessee mutual benefit corporation with its headquarters located in Saulsbury, Tennessee. Third-Party Defendant contends that its joinder has destroyed the requisite diversity

---

[1] As discussed below, this is the third lawsuit involving the relevant events.

[2] Plaintiff is a Tennessee corporation, and Defendant is a foreign corporation with its principal place of business in Michigan.

of citizenship because it is a Tennessee corporation, and, thus, this Court is deprived of original diversity jurisdiction over the entire action in that Plaintiff is also a Tennessee corporation. Third-Party Defendant also contends that the amount in controversy does not meet the statutory minimum.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v.Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (internal citations omitted). "Unless a dispute falls within the confines of the jurisdiction conferred by Congress, such courts do not have authority to issue orders regarding its resolution." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir.1985). Section 1332 provides a federal court with subject matter jurisdiction when the controversy is wholly between citizens of different states and involves an amount in controversy which exceeds $75,000.00, exclusive of interest and costs. This statutory grant requires complete diversity between the plaintiffs and the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806). Pursuant to 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496-497 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory...").

In the present case, Plaintiff seeks the recovery of profits allegedly due to it under a construction contract entered into by Plaintiff and Third-Party Defendant after Third-Party Defendant's property was damaged during a severe weather event. Plaintiff was hired to repair Third-Party Defendant's property. At that time Third-Party Defendant had a property and casualty insurance policy issued by Defendant. (Compl. PageID 10, ECF No. 1-1.)

Third-Party Defendant previously sued Defendant Auto-Owners for payment of the property damage. *See Grand Valley Lakes Property Owners Association, Inc. v. Owners Insurance Company*, Docket No. 1:16-cv-01322-JDB-egb. Grand Valley and Auto-Owners settled the claim. (Third-Party Compl. PageID 36, ECF No. 9.) As part of the settlement, Grand Valley "agree[d] to satisfy all liens or interests of third parties out of the Consideration, and [Grand Valley] will hold [Owners] harmless from any claims made by any such lienholder or other interested person or entity arising out of or in relation to the Incident," i.e., the December 23, 2015 storm event. (*Id.*)

Third-Party Defendant allegedly never paid Plaintiff for its work. Plaintiff alleges in the present complaint that, pursuant to Tenn. Code Ann. § 56-7-111,[3] Defendant should have paid it directly, rather than issuing the check to Third-Party Defendant Grand Valley. The third-party complaint filed by Defendant alleges that Grand Valley owes it a duty to indemnify and hold Defendant harmless for any claims filed by Plaintiff.

Despite Third-Party Defendant's argument, the addition of a third-party defendant for indemnification/contribution does not destroy diversity jurisdiction. *See Grimes v. Mazda North American Operations*, 355 F.3d 566, 572 (6th Cir. 2004). In *Grimes*, the Court rejected the plaintiff's argument that complete diversity necessary for subject-matter jurisdiction under § 1332 was destroyed when the defendants brought a third-party claim against the non-diverse

---

[3]   When insured property losses in excess of one thousand dollars ($1,000) accrue to the owners of dwellings or other structures insured under policies of property or casualty insurance as defined in § 56-2-201, the insurance company shall name the general contractor, as defined in § 62-6-102, of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss. The insurance company shall name the general contractor as payee on the draft pursuant to this section regardless of whether the work that was performed or is yet to be performed is less than twenty-five thousand dollars ($25,000).

Tenn. Code Ann. § 56-7-111.

Commonwealth of Kentucky.

> Third-party claims by defendants for contribution against a third-party under Federal Rule of Civil Procedure 14(a) generally do not require an independent jurisdictional basis. Instead, such claims fall within the court's supplemental jurisdiction if the impleaded defendant's actions share a "common nucleus of operative fact" with the case already before the court.
> It is well settled that supplemental jurisdiction exists over a properly brought third-party complaint. *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1161 (10th Cir.1990) ("A court has ancillary jurisdiction of a defendant's proper Rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction, so long as the court has jurisdiction of the main claim between the original parties."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1444, at 321 (2d ed. 1990) ("The cases on point almost all hold that defendant's claim against a third-party defendant is within the ancillary jurisdiction of the federal courts.").

*Grimes*, 355 F.3d at 572 (footnote omitted).

In the present case, Defendant Auto-Owners seeks indemnification from Grand Valley. Therefore, Auto-Owners' third-party claim against Grand Valley does not destroy diversity jurisdiction, and the Court denies the motion to remand on this ground.

As for the amount in controversy, although the complaint does not specify an amount of damages sought, Defendant Auto-Owners points to a prior state court lawsuit (related to the same events as the present lawsuit and alleging the same claims) filed by Affordable Construction against Grand Valley and Auto-Owners, seeking compensatory damages "not to exceed $500,000," punitive damages "not to exceed $500,000," and consequential damages of "no less than $118,402.73" or alternatively the total amount of Grand Valley and Auto-Owners' settlement. (Resp. Exhibit PageId 78, 79, ECF No. 15-1.)  Defendant argues, and the Court agrees, that the amount sought by Affordable Construction in the state court lawsuit is evidence that the amount in controversy here exceeds $75,000.  Moreover, in the previous federal lawsuit, Grand Valley sought compensatory damages "not to exceed One Million Dollars ($1,000,000)"

4

and for punitive damages "not to exceed Two Million Dollars ($2,000,000)." *See Grand Valley Lakes Property Owners Association, Inc. v. Owners Insurance Company*, Docket No. 1:16-cv-01322-JDB-egb (ECF No. 1-2 at Page ID 10-17).

The Court can also consider Affordable Construction's request for attorney's fees in determining the amount in controversy. *See Barclay v. Seco Architectural Systems, Inc.*, 2016 WL 4874087 at *3 (E.D. Tenn. Sept. 13, 2016) ("In addition, Mr. Barclay seeks the recovery of unspecified attorney's fees, which the Court may also consider in determining the amount in controversy."); *Grange Mut. Cas. Co. v. Safeco Ins. Co. of America*, 565 F.Supp.2d 779, 784 (E.D. Ky. 2008) ("While attorney's fees and/or defense costs are not normally considered when determining the amount in controversy, they are included in the amount in controversy (1) when provided by contract, (2) when provided by a statute that expressly mandates or allows the payment of such fees, and (3) when an insurance company will have to pay the underlying defense costs of the insured.") Accordingly, the Court finds that Plaintiff has adequately pled that the amount in controversy exceeds $75,000, and the motion to remand is denied on this ground as well.

In summary, Third-Party Defendant Grand Valley's motion to remand the action to state court is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 23, 2020.