12067-90581 (BDB)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| **AFFORDABLE CONSTRUCTION SERVICES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AUTO-OWNERS INSURANCE COMPANY,**<br><br>**Defendant.** | **No. 1:20-cv-01016**<br>**JURY DEMANDED** |

## DEFENDANT OWNERS INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS[1]

### I.    PROCEDURAL HISTORY

This is not the first time Plaintiff Affordable Construction Services, Inc. ("Affordable Construction") has sued Defendant Owners Insurance Company (improperly named as Auto-Owners Insurance Company) ("Owners"). Rather, Affordable Construction previously sued Owners and Third-Party Defendant Grand Valley Lakes Property Owners Association, Inc. ("Grand Valley") in the Circuit Court of Hardeman County, Docket No. 2018-cv-48 ("the First Lawsuit"). *See* Complaint from First Lawsuit (certified copy attached hereto as **Exhibit 1** and incorporated herein by reference).

On December 6, 2019, Affordable Construction voluntarily nonsuited Owners

---

[1] "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Tp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

from the First Lawsuit. *See* Notice of Voluntary Non-Suit (certified copy attached hereto as **Exhibit 2** and incorporated herein by reference).

Grand Valley moved to dismiss Affordable Construction's claim in the First Lawsuit based upon failure to state a claim upon which relief could be granted. Grand Valley argued that Affordable Construction's claim failed because, in part, there was no enforceable contract between them. *See* Grand Valley's Motion to Dismiss (certified copy attached hereto as **Exhibit 3** and incorporated herein by reference). The Hardeman County Circuit Court agreed and granted Grand Valley's motion. *See* Order (certified copy attached hereto as **Exhibit 4** and incorporated herein by reference). In its order, the Circuit Court directed entry of a final judgment as to Grand Valley pursuant to Tenn. R. Civ. P. 54.02 . *Id.* at p. 3. Affordable Construction did not appeal the final order dismissing Grand Valley. Therefore, the Circuit Court's order is a final order.

Instead, Affordable Construction filed the instant action in Hardeman County Chancery Court on December 6, 2019, against Owners, only. (ECF No. 1-1 at Page ID 9-12.) Owners removed the case to this Court. (ECF No. 1 at Page ID 1-3.) On February 25, 2020, Owners answered Affordable Construction's petition and filed a third-party complaint against Grand Valley. (ECF No. 9 at Page ID 30-38.)

## II.    STATEMENT OF FACTS[2]

Grand Valley obtained a property and casualty insurance policy from Owners "that afforded coverage from damage or loss to property located 405 Grand Valley Drive, Saulsbury, TN 38067." Petition for Declaratory Judgment, at ¶¶ 3 and 5 (ECF 1-1

---

[2] Because the Court must "construe[ ] the complaint in the light most favorable to the plaintiff and accept[ ] all well-pled factual allegations as true," the statement of facts is based exclusively on the allegations in Affordable Construction's complaint. *Freeman v. Sullivan*, 954 F. Supp.2d 730, 737 (W.D. Tenn. 2013).

at Page ID 10). On December 23, 2015, Grand Valley[3] "sustained serious property damage due to a severe weather event." *Id.* at ¶ 6. Grand Valley then submitted a claim to Owners for the property damage. *Id.*

Affordable Construction alleges that on January 26, 2016 Grand Valley "entered into a contract with" Affordable Construction, the general contractor, to repair the property damage "in exchange for valuable consideration including 'the amount of the insurance proceeds.'"[4] *Id.* at ¶ 7. Affordable Construction then performed "temporary repairs . . . and completed work to submit a claim and estimate" to Owners. *Id.* at ¶ 8.

Owners settled the property damage claim with Grand Valley and paid the check directly to Grand Valley. *Id.* at ¶ 9. Grand Valley cashed the check for those insurance proceeds. *Id.* at ¶ 11 (Page ID 11). Grand Valley never paid Affordable Construction. *Id.*

Affordable Construction contends that, per Tenn. Code Ann. § 56-7-111, Owners was required to make the settlement check jointly payable to Affordable Construction as a payee since it was Grand Valley's general contractor for the alleged loss. *Id.* at ¶¶ 10 and 12. Affordable Construction, therefore, asserts that Owners "willfully deprived . . . [it] of [its] anticipated profits and [it] has lost the benefit of the bargain. *Id.* at ¶ 12.

## III.   LAW AND ARGUMENT

Since this is a diversity action, the Court must apply the substantive law of Tennessee. *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019).

---

[3] In ¶ 6, Affordable Construction erroneously states that "Plaintiff" sustained the property damage. Grand Valley is the one who sustained the property damage, as Grand Valley is the one who submitted a claim to Owners.

[4] This is a legal conclusion couched as a factual statement that the Court need not accept as truthful. *Johnson v. Moseley*, 790 F.3d 649, 652 (6th Cir. 2015).

**A. The Court can consider pleadings from the First Lawsuit without converting this to a motion for summary judgment.**

Courts generally decide a Rule 12 motion based only upon the allegations contained in the plaintiff's complaint. *Anderson v. Hartford*, 2013 WL 6834386, at *2 (W.D. Tenn. Dec. 20, 2013) (observing that on Rule 12 motions, "court[s] must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true"). As a result, when ruling on Rule 12 motions, courts should ordinarily not consider matters outside of the pleadings. *Rondigo, L.L.C. v. Twp. Of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). When a court does consider matters outside of the pleadings, the court usually converts the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d) (2019); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

However, a court may consider matters of public record without converting a Rule 12 motion into a summary-judgment motion. *Thomas v. Noder-Love*, 621 Fed. App'x 825, 828 (6th Cir. 2015); *Morgan v. City of Ripley, Tenn.*, 2018 WL 3639833, at *2 (W.D. Tenn. July 31, 2018); and *Holmes v. Southwest Human Resource Agency*, 2017 WL 3741557, at *2 n. 2 (W.D. Tenn. Aug. 30, 2017). Pleadings from another lawsuit are public records that the Court may consider without converting this motion into a motion for summary judgment. *See e.g., Green v. Liberty Ins. Corp.*, 2016 WL 1259110, at *2 (E.D. Mich. Mar. 30, 2016) ("Lawsuits, however, are 'matters of public record,' and therefore do not convert the instant action into a motion for summary judgment."); and *Cadence Bank, N.A. v. DLO Title, LLC*, 2018 WL 199584, at *4 (M.D. Tenn. Mar. 20, 2018) ("The court finds that those documents submitted by the defendant that were filed in the Cammeron Lawsuit are matters of public record of which the court may take

judicial notice."); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n. 3 (6th Cir. 1999) ("[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record' and we have done so here by obtaining Petitioner's state appellate brief from the Michigan appellate courts."). Therefore, the Court can consider the pleadings from the First Lawsuit without converting this motion into a summary-judgment motion.

>    **B. The Hardeman County Circuit Court has previously decided that Affordable Construction and Grand Valley had no contract; therefore, collateral estoppel precludes Affordable Construction from re-litigating whether it had a contract with Grand Valley.**

Affordable Construction's claim against Owners is that Owners violated Tenn. Code Ann. § 56-7-111 by not making the insurance check payable to Affordable Construction and Grand Valley jointly. Petition, at ¶¶ 9-13. Tenn. Code Ann. § 56-7-111 states, in pertinent part:

> When insured property losses in excess of one thousand dollars ($1,000) accrue to the owners of dwellings or other structures insured under policies of property or casualty insurance as defined in § 56-2-201, the insurance company shall name the general contractor, as defined in § 62-6-102, of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss.

Tenn. Code Ann. § 56-7-111 (2019). Thus, Affordable Construction's claim against Owners implicitly requires a contract between Affordable Construction and Grand Valley to support it. Affordable Construction alleges in this case that it and Grand Valley entered into a contract.[5] Petition, at ¶ 7. But this is not true.

---

[5] Affordable Construction's allegation of a contract is insufficient to state a claim. While the Court must accept factual allegations as true at the motion to dismiss stage, the Court need not accept legal conclusions masquerading as factual allegations. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Affordable Construction's allegations of an enforceable contract is a legal conclusion. *See e.g., Alshaibani v. Litton Loan Servicing, LP*, 528 Fed. App'x 462, 465 (6th Cir. 2013) (allegation of breach of mortgage was a legal conclusion); *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d

The Hardeman County Circuit Court has already considered whether Affordable

Construction had a contract with Grand Valley and concluded:

> The Court, adopts all of the arguments, and legal authority cited by Grand Valley Lakes Property Owners Association's Motion to Dismiss as they clearly, comply with the above stated standards of review. Most pertinent is the fact that the GVLPOA is not a party to the contract as attached as Exhibit A. GVLPOA, does not appear in Exhibit A as a party allegedly contracted with the Plaintiff. Instead the name 'Myra Cox' is stated in the blank following 'NAME'. Likewise, there is no signature on behalf of GVLPOA in the signature block, only 'Myra Cox'. There is no document or allegation showing GVLPOA ratified or approved Exhibit A. As stated, in 3 C.J.S. Agency § 410 (1973), '[a] principal is bound neither by contracts made by a person not his agent, nor by those of his agent beyond the scope of his actual and apparent authority, which he has not ratified and is not estopped to deny.' See also *Bagley & Co. v. Union-Buffalo Mills Co.*, 9 Tenn. App. 63, 67,-68 (1928).
>
> The balance of the arguments of the Defendant Grand Valley Lakes Property Owners Association, Inc.'s Motion to Dismiss are well taken, and incorporated herein by reference. Thus, for the above reasons, the Defendant Grand Valley Lakes Property Owners Association, Inc.'s Motion to Dismiss is hereby granted and the *Complaint* dismissed with prejudice as to it.

Order at pp. 2-3 (Ex. 4).

The collateral estoppel doctrine bars Affordable Construction from re-litigating the

issue of whether Affordable Construction had a contract with Grand Valley in this case.

---

577, 582 (6th Cir. 2007) (allegation of interpretation of contract was a legal conclusion); *In re Cultice*, 2015 WL 5093835, at *1 (N.D. Ohio Aug. 27, 2015) ("Since this asserts a legal conclusion that a HAMP modification was enforceable, the court is not required to view this allegation in Plaintiff's favor, leaving the door open to consider Defendant's argument that the contract is not enforceable as a matter of law."); *see also Le-Jo Enterprises, Inc. v. Cracker Barrel Old Country Store, Inc.*, 2013 WL 6155622, at *4 (Tenn. Ct. App. Nov. 20, 2013) ("In its Complaint, Le-Jo makes conclusory legal allegations that an enforceable contract with Cracker Barrel exists; however, allegations in a Complaint of purely legal conclusions are insufficient when challenged by a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss."); and *McNaughten v. Lunan*, 2010 WL 1956996, at *4 (Tenn. Ct. App. May 14, 2010) ("The central question in this case is the legal effect of a written contract, which is a question of law."). Therefore, the Court should not accept this allegation as true.

"The purposes of collateral estoppel are to shield litigants (and the judicial system) from the burden of re-litigating identical issues and to avoid inconsistent results." *Gilbert v. Ferry*, 413 F.3d 578, 580 (6th Cir. 2005). "[T]he 'Full Faith and Credit Act . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" *Id*. "Collateral estoppel will apply where (1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in the state court." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir.1999).

In Tennessee, "[o]nce an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders the determination conclusive on the parties and their privities[6] in subsequent litigation, even when the claims or causes of action are different." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 179 (Tenn. Ct. App. 2000). For collateral estoppel to apply, Owners must establish:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 107 (Tenn. 2016). These five requirements are satisfied here.

---

[6] "[T]he concept of privity relates to the subject matter of the litigation, not to the relationship between the parties themselves. Privity connotes an identity of interest, that is, a mutual or successive interest to the same rights." *State ex rel. Cihlar*, 39 S.W.3d at 180.

First, the issue whether Grand Valley and Affordable Construction had a contract is exactly what the Hardeman County Circuit Court decided. As quoted above, the circuit court concluded that there was no contract because Myra Cox was the person named in the contract and the person who signed the contract; Grand Valley's name was absent from the contract. Order, at pp. 2-3 (Ex. 4). Here, in order to find that Owners should have placed Affordable Construction on the insurance check, the Court must conclude that there was a contract between Grand Valley and Affordable Construction that required such a result under the statute. *See* Tenn. Code Ann. § 56-7-111 (2019) (requiring insurer to name general contractor "of any uncompleted construction or building contract as a payee"). Thus, the issue to be precluded is identical to the issue that the Hardeman County Circuit Court decided.

Second, the Hardeman County Circuit Court's order demonstrates that Grand Valley raised the issue of whether it and Affordable Construction had a contract in its motion to dismiss, and that this was the reason the circuit court dismissed Affordable Construction's claims against Grand Valley in the First Lawsuit. *See* Order at pp. 2-3 (Ex. 4).

Third, the Hardeman County Circuit Court's order is final. In the order, the circuit court, pursuant to Tenn. R. Civ. P. 54.02, directed "entry of a Final Judgment as to all of the claims against" Grand Valley "as there is no just reason for delay as the Court has deposed [sic] of all the claims and none of the remaining issues relate to the claim against" Grand Valley. Order at pp. 3-4 (Ex. 4). Because Affordable Construction did not appeal the circuit court's order within 30 days, the order became a final judgment. *See Coldwell Bank-Hoffman Burke v. KRA Holdings*, 42 S.W.3d 868, 873 (Tenn. Ct. App.

2000) ("The September 3, 1998 order was made final pursuant to Rule 54.02; thus, notice of appeal by these plaintiffs must have been filed within thirty days thereafter. . . . This Court has no jurisdiction to hear the appeal where the notice of appeal is not timely filed.") (internal citations omitted).

Fourth, Affordable Construction was a party to the First Lawsuit. Specifically, in the First Lawsuit, Affordable Construction sued Grand Valley and Owners.[7] First Lawsuit Petition (Ex. 1).

Lastly, in the First Lawsuit, Affordable Construction had a full and fair opportunity to contest this issue. Grand Valley filed a motion to dismiss on this issue. Affordable Construction had the right to contest this issue. First, Affordable Construction could have filed a response in opposition to Grand Valley's motion to dismiss; however, Affordable Construction failed to file a response. Order, at p. 1 (Ex. 4). Second, the circuit court held a hearing on November 1, 2019, on Grand Valley's motion at which Affordable Construction could have contested this issue. *Id*. However, no one appeared for Affordable Construction at that hearing. *Id*. Thus, despite its failure to do so, Affordable Construction had opportunities in which to contest this issue when it was raised in the First Lawsuit. Therefore, because the five requirements for collateral estoppel are present, the Court should preclude Affordable Construction from re-litigating whether it had a contract with Grand Valley in this case. *See e.g., In re Bridgestone/Firestone*, 495 S.W.3d 257, 267-69 (Tenn. Ct. App. 2015).

---

[7] Tennessee has abolished the party mutuality requirement for defensive collateral estoppel such as here. *Bowen ex rel. Doe*, 502 S.W.3d at 115 n. 11.

**C. Even if collateral estoppel did not bar Affordable Construction from re-litigating the issue, Affordable Construction failed to state a claim because there is no contract between Affordable Construction and Grand Valley.**

The interpretation of a contract is a matter of law. *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 383 (Tenn. 2011). When an agreement is memorialized in writing, "the law favors enforcing these agreements as written." *Battery Alliance, Inc. v. T & L Sales, Inc.*, 2015 WL 6873202, at *5 (Tenn. Ct. App. Nov. 9, 2015). The Court's "task is to ascertain and to give effect to the contracting parties' intentions by considering the entire agreement without favoring either party." *Bill Walker & Associates, Inc. v. Parrish*, 770 S.W.2d 664, 769 (Tenn. Ct. App. 1989) (internal citations omitted). "The intention of the parties is based on the ordinary meaning of the language contained within the four corners of the contract." *MLG Enterprises, LLC v. Johnson*, 507 S.W.3d 183, 186 (Tenn. 2016). Because this Court is "not concerned with the parties' state of mind when they entered into the contract," it does "not consider their uncommunicated, subjective intentions." *Bill Walker & Associates*, 770 S.W.2d at 770.

The Court enforces an unambiguous contract[8] as written,[9] even if doing so

---

[8] A contract is ambiguous "only when it is of uncertain meaning and may fairly be understood in more ways than one." *Maggart*, 259 S.W.3d at 704. A contract is not ambiguous "merely because the parties . . . may interpret the term[s] in different ways." *Adkins v. Bluegrass Estates, Inc.*, 360 S.W.3d 404, 412 (Tenn. Ct. App. 2011); *see also Dog House Investments, LL v. Teal Properties, Inc.*, 448 S.W.3d 905, 913 (Tenn. Ct. App. 2014). Thus, Affordable Construction's belief that the contract is ambiguous or should be interpreted differently is insufficient.

[9] Affordable Construction cannot attempt to establish liability based on parol evidence that Cox was signing as a representative of Grand Valley. Courts only consider extrinsic evidence when the contract is ambiguous. *Cummings Inc. v. Dorgan*, 320 S.W.3d 316, 333 (Tenn. Ct. App. 2009) ("If a contract is ambiguous, then a court may look beyond the four corners of the document and consider extrinsic evidence in order to determine the parties' intention."); *Kiser v. Wolfe*, 353 S.W.3d 741, 748 (Tenn. 2011) ("An elementary precept of contract law is that when the language is clear, courts must not look beyond the four corners of the instrument."); and *Mudd v. Goosetree*, 2013 WL

produces harsh results. *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008) ("If the language of the contract is clear and unambiguous, the literal meaning controls the outcome of the dispute."); *Davis v. Tenn. Rural health Improvement Assoc.*, 2015 WL 7748636, at * (Tenn. Ct. App. Nov. 30, 2015) ("If a contract is unambiguous, a court must interpret it as written and not in accordance with a party's unexpressed intent."); *Crye-Leike, Inc. v. Carver*, 415 S.W.3d 808, 816 (Tenn. Ct. App. 2011) ("[C]ourts will not rewrite an unambiguous term simply to avoid harsh results."); and *Cameron General Contractors, Inc. v. Kingston Pike, LLC*, 370 S.W.3d 341, 346 (Tenn. Ct. App. 2011) (reversing trial court's award because the contract must be enforced as written rather than to avoid a harsh result).

The question here is whether there was ever a contract between Grand Valley and Affordable Construction. "Whether or not a particular contract shows a clear intent that one of the parties was contracting as an individual or in a representative capacity, must be determined *from the contract itself*." *MLG Enterprises, LLC v. Johnson*, 507 S.W.3d 183, 186 (Tenn. 2016) (emphasis in original). The contract attached to

---

1402157, at *2 (Tenn. Ct. App. Apr. 5, 2013) (when determining whether individual was liable in individual capacity, court refused to look beyond the four corners of the contract since there was no ambiguity). The contract here is unambiguous because there is no mention of Grand Valley in the contract. *See Lazarov v. Klyce*, 255 S.W.2d 11, 13 (Tenn. 1953) (finding no ambiguity when contract failed to include corporate designation); *Campora v. Ford*, 124 S.W.3d 624, 628-29 (Tenn. Ct. App. 2003) ("The Note at issue in this case contains no ambiguities; rather, the Note, on its face, appears complete and there is nothing in the document to indicate that Mr. Ford's signature was made in a representative capacity. It is well established that parol evidence cannot be used to contradict the terms of a written contract that is complete and unambiguous on its face."). Thus, Affordable Construction cannot rely upon parol evidence to establish a different intention than expressed in the written contract. *Nazi v. Jerry's Oil Co., Inc.*, 2014 WL 3555984, at *10 (Tenn. Ct. App. July 18, 2014) ("[A]n officer of a corporation who signs, without adding any words to his signature . . . cannot show by parol evidence that a corporate liability was intended."); *Lazarov*, 255 S.W.2d at 13.

Affordable Construction's petition demonstrates that Grand Valley is not a party to the contract. First, in the section entitled "NAME," "Myra Cox" is written with no reference to Grand Valley. (ECF No. 1-1 at Page ID 14.) Second, on the signature line, Myra Cox signed again with no reference to Grand Valley. *Id*. Thus, the contract Affordable Construction relies upon does not mention Grand Valley. Without language indicating that Myra Cox was signing on behalf of Grand Valley, Grand Valley is simply not a party to the alleged contract.

This situation is similar to that presented in the case of *Simpson Operating Co., Inc. v. Schwotzer*, 1990 WL 130829 (Tenn. Ct. App. Sept. 12, 1990).  In *Simpson*, the plaintiff landlord executed a lease with the defendant tenant. *Id*. at *1.  The lease identified the parties as plaintiff and Eric H. Schwotzer d/b/a Gem Parlor, Inc. *Id*. Eric Schwotzer executed the lease as the lessee. *Id*. The plaintiff sued Schwotzer, but Schwotzer argued that he had no personal liability because he, as the president, executed the lease on behalf of his corporation, Gem Parlor, Inc. *Id*. Finding the lease unambiguous, the court concluded that Schwotzer—not the corporation—was the party to the contract:

> Gem Parlor, Inc. is not a party to the lease; it is mentioned only in the context of a trade name, and clearly cannot be liable thereunder. Even had Schwotzer executed the Lease 'Eric H. Schwotzer, d/b/a Gem Parlor, Inc.,' that is, an individually anomalously trading as a corporation, be nevertheless would be liable in a personal capacity, because it is the individual, and not his tradename, who is contracting. We think that the signature of Schwotzer, by which he described himself as the Lessee, without a restrictive nomenclature, forecloses the issue.

*Id*. Consequently, in order for Grand Valley to be a party to the contract, the contract must indicate that Myra Cox signed in her official capacity on behalf of Grand Valley. Because there is no mention of Grand Valley in the contract, contrary to Affordable

Construction's conclusory legal assertions, Grand Valley is not a party to a contract with Affordable Construction. See e.g., *Bright Hope United Methodist Church v. Small*, 1996 WL 465530, at *3-4 (Tenn. Ct. App. Aug. 16, 1996) (concluding that promissory note was in individual capacity as opposed to corporate capacity where "[a]lthough the note specifies that it is secured by the Halls Walk-In Medical Clinic, Inc., it is not signed by anyone from the corporation in an appropriate representative capacity").

**D. Because there is no contract between Affordable Construction and Grand Valley, Tenn. Code Ann. § 56-7-111 is inapplicable; therefore, Affordable Construction failed to state a claim.**

Under Tenn. Code Ann. § 56-7-111, Owners must "name the general contractor . . . of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss." Tenn. Code Ann. § 56-7-111 (2019). Even assuming that this statute creates a private cause of action, which Owners disputes, Affordable Construction fails to state a claim.

In order for Owners to be obligated to name Affordable Construction as a payee on the check that it wrote to Grand Valley, there must have been an uncompleted construction or building contract between Affordable Construction and Grand Valley. However, as explained in sections B and C above, Affordable Construction had no such contract with Grand Valley. Therefore, without such a contract, by the statute's plain terms, Owners was not obligated to name Affordable Construction on its check to Grand Valley. Accordingly, Affordable Construction fails to state a claim as a matter of law in this case.

## IV.    CONCLUSION

Tenn. Code Ann. § 56-7-111 requires property and casualty insurers, like

Owners, to name the general contractor "of any uncompleted construction or building contract" as a payee on the check to the insured. Tenn. Code Ann. § 56-7-111 (2019). Affordable Construction asserts that Owners violated this statute when it did not name Affordable Construction on its check to Grand Valley. For its contract, Affordable Construction relies upon a contract it executed with Myra Cox. (ECF No. 1-1 at Page ID 14.)

Affordable Construction fails to state a claim, however, because its contract was with Myra Cox individually—not with Grand Valley. The Hardeman County Circuit Court previously decided that there was no contract between Affordable Construction and Grand Valley. Order, at pp. 2-3 (Ex. 4). Thus, the doctrine of collateral estoppel bars Affordable Construction from re-litigating this issue. Even without collateral estoppel, the document that Affordable asserts constitutes the contract establishes that, under Tennessee law, Grand Valley is not a party to the contract because there is no indication that Myra Cox executed the contract in a representative capacity on behalf of Grand Valley. Consequently, without a contract between Affordable and Grand Valley, Tenn. Code Ann. § 56-7-111 is inapplicable. Therefore, Affordable Construction has failed to state a claim as a matter of law in this case and this case should be dismissed.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By:___*s/ Michael L. Mansfield*_____
BRADFORD D. BOX (BPR No. 16596)
MICHAEL L. MANSFIELD (BPR No. 18781)
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414–telephone

(731) 426-8150–facsimile
bbox@raineykizer.com
mmansfield@raineykizer.com
*Attorneys for Defendant*
*Owners Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of May, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report, including the parties below. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Randall N. Songstad
254 Court Avenue, Ste. 213
Memphis, TN 38103
*Attorney for Plaintiff*

George R. Fusner, Jr.
Partin Ray Building
7104 Peach Court
Brentwood, TN 37027
*Attorney for Grand Valley*


        *s/ Michael L. Mansfield*