# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE CONSTRUCTION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTO-OWNERS INSURANCE COMPANY, <br><br> Defendant, <br><br> and <br><br> OWNERS INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> GRAND VALLEY LAKES PROPERTY OWNERS ASSOCIATION, INC., <br><br> Third-Party Defendant. | No. 1:20-cv-01016-STA-jay |

**ORDER PARTIALLY GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
AND
PARTIALLY DENYING MOTION FOR JUDGMENT ON THE PLEADINGS
WITHOUT PREJUDICE
AND
ORDER CERTIFYING QUESTION OF LAW TO THE
TENNESSEE SUPREME COURT
AND
STAYNG ALL PROCEEDINGS**

Plaintiff Affordable Construction Services, Inc. ("Affordable Construction") filed a petition for declaratory action against Defendant Auto-Owners Insurance Company ("Owners") in the

Chancery Court of Hardeman County, Tennessee.[1]  Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship.  Defendant filed its answer and a third-party complaint against Grand Valley Lakes Property Owners Association, Inc. ("Grand Valley"). Plaintiff seeks the recovery of money allegedly due to it under a purported construction contract entered into by Plaintiff and Third-Party Defendant Grand Valley after Third-Party Defendant's property was damaged during a severe weather event.  Plaintiff was allegedly hired to repair Third-Party Defendant's property.  At that time, Third-Party Defendant had a property and casualty insurance policy issued by Defendant Owners.  (Complt. PageID 10, ECF No. 1-1.)

Third-Party Defendant Grand Valley previously sued Defendant Owners for payment of the property damage ("First Lawsuit"). *See Grand Valley Lakes Property Owners Association, Inc. v. Owners Insurance Company*, Docket No. 1:16-cv-01322-JDB-egb.  Grand Valley and Owners settled the claim. (Third-Party Complt., ECF No. 9.)  As part of the settlement, Grand Valley "agree[d] to satisfy all liens or interests of third parties out of the Consideration, and [Grand Valley] will hold [Owners] harmless from any claims made by any such lienholder or other interested person or entity arising out of or in relation to the Incident," i.e., the December 23, 2015 storm event. (*Id.*)

The second lawsuit arose when Affordable Construction sued Owners and Grand Valley in the Circuit Court of Hardeman County, alleging the same or similar facts as those alleged in the present lawsuit ("Second Lawsuit").  (Exh. Complt., ECF No. 20-2.)  On December 6, 2019, Affordable Construction voluntarily nonsuited Owners. (Exh. Non-Suit, ECF No. 20-3.)  Grand Valley then moved to dismiss Affordable Construction's claim against it on the ground that there was no enforceable contract between them. The Hardeman County Circuit Court agreed and

---

[1] This is the third lawsuit involving the relevant events.

2

granted Grand Valley's motion. (Exh. Order, ECF No. 20-5.) Affordable Construction did not appeal the order dismissing Grand Valley. Therefore, the Circuit Court's order is a final order. Affordable Construction then filed this action in Hardeman County Chancery Court on December 6, 2019, against Owners. (ECF No. 1-1.)

In the present lawsuit ("Third Lawsuit"), Plaintiff alleges that Third-Party Defendant has never paid Plaintiff for its work on the property. Plaintiff further alleges that, pursuant to Tenn. Code Ann. § 56-7-111,[2] Defendant Owners should have paid it directly, rather than issuing the settlement check in the First Lawsuit solely to Third-Party Defendant Grand Valley. The third-party complaint filed by Defendant Owners in this action alleges that Grand Valley owes it a duty to indemnify and hold Defendant harmless for any claims filed by Plaintiff.

Defendant Owners has filed a motion for judgment on the pleadings. (ECF No. 20.) Plaintiff has filed a response to Defendant's motion (ECF No. 26), and Defendant has filed a reply to Plaintiff's response. (ECF No. 27.) Defendant contends that the previous state court ruling in the Second Lawsuit found that Grand Valley had not entered into a contract with Plaintiff, and, therefore, Defendant had no duty to include Plaintiff's name on the check under Tenn. Code Ann. § 56-7-111. Plaintiff has responded that Tenn. Code Ann. § 56-7-111 does not require the existence of a contract. Defendant counters that Tenn. Code Ann. § 56-7-111 does require a contract and does not provide for a private right of action. On June 30, 2020, the Court

---

[2] When insured property losses in excess of one thousand dollars ($1,000) accrue to the owners of dwellings or other structures insured under policies of property or casualty insurance as defined in § 56-2-201, the insurance company shall name the general contractor, as defined in § 62-6-102, of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss. The insurance company shall name the general contractor as payee on the draft pursuant to this section regardless of whether the work that was performed or is yet to be performed is less than twenty-five thousand dollars ($25,000).

Tenn. Code Ann. § 56-7-111.

ordered supplemental briefing on these issues. (ECF No. 31.) The parties have submitted their supplemental briefing. (ECF Nos. 32, 33.)

The allegations are as follows. Grand Valley obtained a property and casualty insurance policy from Owners that provided coverage for damage or loss to property located at 405 Grand Valley Drive, Saulsbury, TN 38067. Subsequently, the property sustained serious damage due to a severe weather event. Grand Valley submitted a claim to Owners for the property damage.

On January 26, 2016, Grand Valley allegedly contracted with Affordable Construction, a general contractor, to repair the property damage "in exchange for valuable consideration including 'the amount of the insurance proceeds.'" (Complt. PageID 10, ECF No. 1-1.) Affordable Construction then performed "temporary repairs . . . and completed work to submit a claim and estimate" to Owners. (*Id.*) Owners settled the property damage claim with Grand Valley in the First Lawsuit and paid the check directly to Grand Valley. Grand Valley cashed the check for those insurance proceeds. Grand Valley never paid Affordable Construction. (*Id.*)

Affordable Construction contends that, pursuant to Tenn. Code Ann. § 56-7-111, Owners was required to make the settlement check jointly payable to Affordable Construction and Grand Valley since it was Grand Valley's general contractor for the alleged loss. Because this is a diversity action, the Court applies the substantive law of Tennessee. *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) ("Because we are sitting in diversity, we apply the law of the forum state." (citation omitted)).

Although the complaint in this action alleges that Affordable Construction entered into a contract with Grand Valley to repair the damage at the property in question, this Court is bound by the determination of the Hardeman County Circuit Court that there was no contract between these two parties, and collateral estoppel precludes Affordable Construction's re-litigating this

issue. The Hardeman County Circuit Court found as follows:

> The Court adopts all of the arguments, and legal authority cited by Grand Valley Lakes Property Owners Association's Motion to Dismiss as they clearly, comply with the above stated standards of review. Most pertinent is the fact that the GVLPOA is not a party to the contract as attached as Exhibit A. GVLPOA, does not appear in Exhibit A as a party allegedly contracted with the Plaintiff. Instead the name 'Myra Cox' is stated in the blank following 'NAME'. Likewise, there is no signature on behalf of GVLPOA in the signature block, only 'Myra Cox'. There is no document or allegation showing GVLPOA ratified or approved Exhibit A. As stated, in 3 C.J.S. Agency § 410 (1973), '[a] principal is bound neither by contracts made by a person not his agent, nor by those of his agent beyond the scope of his actual and apparent authority, which he has not ratified and is not estopped to deny.' *See also Bagley & Co. v. Union-Buffalo Mills Co.*, 9 Tenn. App. 63, 67-68 (1928).
>
> The balance of the arguments of the Defendant Grand Valley Lakes Property Owners Association, Inc.'s Motion to Dismiss are well taken, and incorporated herein by reference. Thus, for the above reasons, the Defendant Grand Valley Lakes Property Owners Association, Inc.'s Motion to Dismiss is hereby granted and the Complaint dismissed with prejudice as to it.

(Exh. Order, ECF No. 20-5.)

Collateral estoppel applies when "(1) the law of collateral estoppel in the state in which the issue was litigated would preclude relitigation of such issue, and (2) the issue was fully and fairly litigated in the state court." *In re Markowitz*, 190 F.3d 455, 461 (6th Cir. 1999). Therefore, in this case, the Court must look to the law of Tennessee in regard to the doctrine of collateral estoppel. In Tennessee, "[o]nce an issue has been actually or necessarily determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders the determination conclusive on the parties and their privities in subsequent litigation, even when the claims or causes of action are different." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 179 (Tenn. Ct. App. 2000). That is, the doctrine "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009)

5

> To prevail on collateral estoppel claim, the party asserting the doctrine must establish:
>
> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Id.* at 535. (citations omitted.) The party invoking collateral estoppel has the burden of proof. *Id.* The Court finds that, in the present case, Defendant has met its burden of proof.

In its response, Plaintiff acknowledges that the Hardeman County Circuit Court determined that the contract at issue was not enforceable against Grand Valley. However, it argues that, although it had the opportunity to answer or appear but failed to do so, the issue of whether there was a contract between it and Grand Valley has never actually been litigated. (Resp. PageID 171, ECF No. 26.) However, contrarily, later in its response, Plaintiff appears to abandon its argument that it may argue that there was a valid contract in this case despite the state court ruling. (*Id.* at PageID 174 ("Defendant Movant mistakenly argues that because the contract was later voided that collateral estoppel precludes Contractor from its claim under Tenn. Code Ann. §56-7-111, **but the Plaintiff Respondent is not litigating whether there was a valid contract**, nor does its claim require one." (emphasis added))).

Regardless of Plaintiff's stance, the Court finds that collateral estoppel precludes relitigating the issue of whether Plaintiff had a contract with Grand Valley to repair its property. As quoted above, the Circuit Court examined the issue of whether there was a contract between Grand Valley and Affordable Construction and concluded that they did not because a person named Myra Cox was listed in the contract and she signed the contract and Grand Valley's name was not on the contract. Thus, the issue to be precluded is identical to the issue that the

Hardeman County Circuit Court decided. Furthermore, it is not disputed that both Affordable Construction and Grand Valley were parties to the First Lawsuit in the Circuit Court and were parties to the motion to dismiss.

Additionally, the issue of whether there was a contract was actually raised, litigated, and decided on the merits, even though Affordable Construction chose not to respond to Grand Valley's motion to dismiss.

> For an issue to be "actually litigated" for the purpose of applying the doctrine of collateral estoppel, it must have been "properly raised, by the pleadings or otherwise, and ... submitted for determination, and ... determined." *Restatement (Second) of Judgments* § 27 cmt. d. The requirement that an issue be "actually litigated" does not imply that the issue must have been litigated in a full evidentiary and adversarial trial. An issue need not be thoroughly litigated in order to be "actually litigated." *Cont'l Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596 (7th Cir.1979). The requirement that an issue be "actually litigated" is generally satisfied if the issue was properly raised by the pleadings or otherwise placed in issue and was actually determined in the prior proceeding.

*Mullins*, 294 S.W.3d at 536 (some citations omitted). The record shows that Grand Valley raised and briefed the issue of whether it had a contract with Affordable Construction in the state court proceeding. The state court dismissed the lawsuit on that ground. The fact that Affordable Construction chose not to respond to the motion to dismiss or defend against it does not negate the fact that it had the opportunity to do so.

Next, the Circuit Court's order is final. The Circuit Court directed "entry of a Final Judgment as to all of the claims against" Grand Valley pursuant to Tenn. R. Civ. P. 54.02 "as there is no just reason for delay as the Court has deposed [sic] of all the claims and none of the remaining issues relate to the claim against" Grand Valley. (Exh. Order at pp. 3-4, 20-5.) Because Affordable Construction did not appeal the circuit court's order within thirty days, the order became a final judgment. *See Coldwell Bank-Hoffman Burke v. KRA Holdings*, 42 S.W.3d 868, 873 (Tenn. Ct. App. 2000) ("The September 3, 1998 order was made final pursuant to Rule

7

54.02; thus, notice of appeal by these plaintiffs must have been filed within thirty days thereafter. . . . This Court has no jurisdiction to hear the appeal where the notice of appeal is not timely filed.")

Because the requirements for collateral estoppel have been met, Affordable Construction is precluded from relitigating whether it had a contract with Grand Valley, *see e.g.*, *In re Bridgestone/Firestone*, 495 S.W.3d 257, 267-69 (Tenn. Ct. App. 2015), and Defendant is entitled to judgment on the pleadings on this issue. However, that does not end the matter because Affordable Construction contends that Tenn. Code Ann. § 56-7-111 does not require a contract between the parties, while Defendant insists that it does.

Tenn. Code Ann. § 56-7-111 states:

When insured property losses in excess of one thousand dollars ($1,000) accrue to the owners of dwellings or other structures under policies of property or casualty insurance as defined in § 56-2-201, the insurance company shall name the general contractor, as defined in § 62-6-102, of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss.

Tenn. Code Ann. § 62-6-102(4)(A)(i) provides:

'Contractor' means any person or entity that undertakes to, attempts to or submits a price or bid or offers to construct, supervise, superintend, oversee, schedule, direct or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down or furnishing labor to install material or equipment for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, housing development, improvement or any other construction undertaking.

Defendant argues that, in order for it to be obligated to name Affordable Construction as a payee on the check that it wrote to Grand Valley, there must have been an uncompleted construction contract **or** an uncompleted building contract between Affordable Construction and Grand Valley. Without such a contract, Defendant reasons that it was not obligated to name Affordable Construction as a payee on its check to Grand Valley in the First Lawsuit.

8

Affordable Construction takes the position that the word "contract" should not be read into the statute after the word "construction" and that property and casualty insurers, like Defendant, must name the general contractor of any uncompleted construction or the general contractor of an uncompleted building contract. That is, under Affordable Construction's interpretation, the insurance company must name the general contractor on the check if there is any uncompleted construction or if the general contractor has a building contract. Thus, this Court is asked to interpret the phrase "of any uncompleted construction or building contract."

The parties have not cited, and the Court has not located, any Tennessee cases interpreting Tenn. Code Ann. § 56-7-111.  Therefore, the Court must consider whether it should, *sua sponte*, certify the issue to the Tennessee Supreme Court. *See Eiswert v. United States*, 619 F. App'x 483, 486 (6th Cir. 2015) (quoting *Williams v. Shelby Cty. Bd. of Educ.*, 413 F. Supp. 3d 734, 738 (W.D. Tenn. 2019)) (noting that federal courts may *sua sponte* certify a question when the district court finds that the requirements of Supreme Court Rule 23 have been met).

Rule 23 of the Supreme Court of Tennessee provides that Court with discretion to answer questions of Tennessee law certified to it by the federal courts. Rule 23 states that the Supreme Court of Tennessee "may, at its discretion, answer questions of law certified to it" by a district court when the certifying court determines (1) that "there are questions of law of [Tennessee] which will be determinative of the cause" and (2) that "there is no controlling precedent in the decisions of the Supreme Court of Tennessee" as to the matters at issue. Tenn. Sup. Ct. R. 23, § 1. "A question of law is 'determinative of the cause' if it is claim-dispositive." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 147 F. Supp. 3d 694, 700–01 (W.D. Tenn. 2015), *aff'd*, 912 F.3d 348 (6th Cir. 2018) (quoting *Becker v. Ford Motor Co.*, 2013 WL 6046080 (E.D. Tenn. Nov. 13, 2013)).  Federal courts should seek to certify primarily questions of law that are new or when

"state law is unsettled." *Pennington v. State Farm Mutual Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (quoting *Transam. Ins. Co. v. Duro Bag Mfg., Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). The Court will not certify a question of law if there is "a reasonably clear and principled course" in prior law. *Pennington*, 553 F.3d at 450 (quoting *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)).

In the present case, the certification of questions concerning the interpretation of Tenn. Code Ann. § 56-7-111 is appropriate because those questions are determinative of the case and because there are no Tennessee Supreme Court or Court of Appeals' decisions that interpret this statute. If a contract between Plaintiff Affordable Construction and Grand Valley was required in order to invoke Defendant's obligation to name Plaintiff as a payee on the check, then Plaintiff's lawsuit must be dismissed. Also at issue is whether Tenn. Code Ann. § 56-7-111 applies only to uncompleted work. Additionally, Defendant has raised as a defense that Tenn. Code Ann. § 56-7-111 does not provide for a private right of action. These issues are also determinative of the case, and there are no Tennessee Supreme Court or Court of Appeals' decisions deciding the issues.

Finding that the determination of these questions is determinative of this action and because it appears that there is no controlling precedent in the decisions of the Tennessee Supreme Court, the Court hereby **CERTIFIES** to the Tennessee Supreme Court the following questions of state law:

(1) Does Tenn. Code Ann. § 56-7-111 provide for a private right of action?

(2) In order for an insurance company to be obligated to name a general contractor as a payee on the check that it writes to its insured under Tenn. Code Ann. § 56-7-111, must there have been a contract between the general contractor and the insured?

10

(3) If a contract between the general contractor and the insured is required in order for the statute to apply, must that contract be uncompleted at the time the check is written?

In summary, Defendant's motion for judgment on the pleadings on the issue of collateral estoppel is **GRANTED**. The Court finds that Plaintiff is estopped from claiming that it had a contract with Grand Valley for repairs to the insured property. In light of the certification of the questions pertaining to the interpretation of Tenn. Code Ann. § 56-7-111, the remaining portion of Defendant's motion for judgment on the pleadings is **DENIED** without prejudice. It is further **ORDERED** that all proceedings in this matter are stayed until the Tennessee Supreme Court responds to this Certification Order.

Pursuant to Tennessee Supreme Court Rule 23, § 4, the Clerk of Court is hereby **DIRECTED** to serve copies of this Certification Order upon all counsel of record in this cause and file with the Clerk of the Supreme Court of Tennessee in Nashville this Certification Order under the seal of this Court along with proof of service.

Although neither side has moved for certification, the Court hereby designates Plaintiff Affordable Construction as the moving party for purposes of certification. The parties and their counsel of record appear below:

For Plaintiff Affordable Construction Services, Inc.:

Randall N Songstad
The Songstad Law Firm
254 Court Ave., Ste. 213
Memphis, TN 38103
901-870-5500

For Defendant Auto-Owners Insurance Company:

Bradford David Box
Rainey Kizer Reviere & Bell
P.O. Box 1147
209 E. Main Street

Jackson, TN 38302-1147
731-423-2414

Michael L. Mansfield
Rainey Kizer Reviere & Bell
50 North Front Street, Suite 610
Memphis, TN 38103
901-333-8101

For Third-Party Defendant Grand Valley Lakes Property Owners Association, Inc.:

George R. Fusner, Jr.
Law Office of George R. Fusner, Jr.
116 Wilson Pike Circle
Ste. 210
Brentwood, TN 37027
615-251-0005

**IT IS SO ORDERED.**

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  CHIEF UNITED STATES DISTRICT JUDGE

                                  Date: October 7, 2020.