IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| AFFORDABLE CONSTRUCTION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AUTO-OWNERS INSURANCE COMPANY, <br><br> Defendant, <br><br> and <br><br> OWNERS INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> GRAND VALLEY LAKES PROPERTY OWNERS ASSOCIATION, INC., <br><br> Third-Party Defendant. | No. 1:20-cv-01016-STA-jay |

**ORDER LIFTING STAY**
**AND**
**GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
**OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY**

Plaintiff Affordable Construction Services, Inc. ("Affordable Construction") filed a petition for declaratory action against Defendant Auto-Owners Insurance Company ("Owners") in the Chancery Court of Hardeman County, Tennessee. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship, and filed an answer and a third-party complaint against Grand Valley Lakes Property Owners Association, Inc. ("Grand Valley").

Plaintiff sought the recovery of money allegedly due to it under a purported construction contract entered into by Plaintiff and Third-Party Defendant Grand Valley after Third-Party Defendant's property was damaged during a severe weather event. Plaintiff was allegedly hired to repair Third-Party Defendant's property. At that time, Third-Party Defendant had a property and casualty insurance policy issued by Defendant Owners. Plaintiff alleged that Third-Party Defendant had never paid Plaintiff for its work on the property. Plaintiff further alleged that, pursuant to Tenn. Code Ann. § 56-7-111,[1] Defendant Owners should have paid it directly, rather than issuing a settlement check in a previous lawsuit solely to Third-Party Defendant Grand Valley. The third-party complaint filed by Defendant Owners alleged that Grand Valley owed it a duty to indemnify and hold Defendant harmless for any claims filed by Plaintiff.

On October 7, 2020, the Court partially granted Defendant Owner's motion for judgment on the pleadings, finding that Plaintiff was estopped from claiming that it had a contract with Grand Valley for repairs to the insured property. (ECF No. 37.) Finding that the determination of the following questions was determinative of the action and because it appeared that there was no controlling precedent in the decisions of the Tennessee Supreme Court, the Court certified to the Tennessee Supreme Court the following questions of state law pursuant to Tennessee Supreme Court Rule 23:

(1) Does Tenn. Code Ann. § 56-7-111 provide for a private right of action?

---

[1] When insured property losses in excess of one thousand dollars ($1,000) accrue to the owners of dwellings or other structures insured under policies of property or casualty insurance as defined in § 56-2-201, the insurance company shall name the general contractor, as defined in § 62-6-102, of any uncompleted construction or building contract as a payee on the draft to the owner covering payment for the loss. The insurance company shall name the general contractor as payee on the draft pursuant to this section regardless of whether the work that was performed or is yet to be performed is less than twenty-five thousand dollars ($25,000).

Tenn. Code Ann. § 56-7-111.

(2) In order for an insurance company to be obligated to name a general contractor as a payee on the check that it writes to its insured under Tenn. Code Ann. § 56-7-111, must there have been a contract between the general contractor and the insured?

(3) If a contract between the general contractor and the insured is required in order for the statute to apply, must that contract be uncompleted at the time the check is written?

In light of the certification of the questions pertaining to the interpretation of Tenn. Code Ann. § 56-7-111, the remaining portion of Defendant's motion for judgment on the pleadings was denied without prejudice, and the case was stayed until the Tennessee Supreme Court responded to the Certification Order.[2]

The Tennessee Supreme Court accepted the certification (ECF No. 41-1) and answered the first question "Does Tenn. Code Ann. § 56-7-111 provide for a private right of action?" in the negative.[3] (ECF No. 43.) As a result of that determination, Defendant Owners has filed a second motion for judgment on the pleadings. (ECF No. 42.) Plaintiff has not responded to Defendant's motion. Because the Tennessee Supreme Court has determined that Plaintiff does not have a private right of action against Defendant under Tenn. Code Ann. § 56-7-111, Defendant's motion for judgment on the pleadings is **GRANTED**.[4]

---

[2] That stay is now lifted.

[3] The Supreme Court did not address questions two and three since the answer to the first question resolved the matter.

[4] As this is a diversity action, the Court applies the substantive law of Tennessee. *Croce v. New York Times Co.*, 930 F.3d 787, 792 (6th Cir. 2019) ("Because we are sitting in diversity, we apply the law of the forum state." (citation omitted)).

Defendant is directed to advise the Court no later than close of business on June 1, 2021, whether any claims remain, including its third-party claim against Grand Valley, or whether judgment may be entered.

**IT IS SO ORDERED.**

                                           **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

                                           Date: May 26, 2021